UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-1294

GIRMA GEBRIE GEBRE GIORGIS,

　　　　　　　Petitioner,

　　　v.

MICHAEL B. MUKASEY, Attorney General,

　　　　　　　Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.

Submitted: November 19, 2008　　　Decided: January 26, 2009

Before NIEMEYER, MICHAEL, and TRAXLER, Circuit Judges.

Petition denied by unpublished per curiam opinion.

James A. Roberts, LAW OFFICES OF JAMES A. ROBERTS, Fairfax,
Virginia, for Petitioner. Gregory G. Katsas, Assistant Attorney
General, M. Jocelyn Lopez Wright, Assistant Director, Mona Maria
Yousif, Office of Immigration Litigation, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Girma Gebrie Gebre Giorgis, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals dismissing his appeal from the immigration judge's decision, which denied his requests for asylum, withholding of removal, and protection under the Convention Against Torture.

In his petition for review, Giorgis challenges the finding that he failed to show that his political opinion was "at least one central reason" for the persecution he allegedly faced in Ethiopia in 2005. The Immigration and Nationality Act authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2006). It defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2006) (emphasis added). Following the passage of the REAL ID Act, asylum applicants such as Giorgis who filed their applications after May 11, 2005, must establish that the protected ground asserted "was or will be at least one central reason for persecuting the applicant." REAL ID Act, § 101(a)(3), codified at 8 U.S.C. § 1158(b)(1)(B)(i) (2006). Based on our review of the record, we agree with the finding that Giorgis failed to

2

establish that his political opinion was a central reason for the threats that he faced in 2005.

Giorgis also argues that he established that he faces a well-founded fear of future persecution if returned to Ethiopia based on his political activities here in the United States. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Giorgis fails to show that the evidence compels a contrary result. Accordingly, we cannot grant the relief that he seeks.

We therefore deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

3